United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BEKZOD NOSIROV,

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX, *et al*.,

Respondents.

Case No. 1:26-cv-04212 (AMO)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Before the Court is Bekzod Nosirov's petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention (Dkt. No. 1), and Respondents' Motion to Dismiss (Dkt. No. 10). In their motion, Respondents argue that Petitioner is mandatorily detained under 8 U.S.C. § 1231(a)(2), or alternatively § 1231(a)(6), because he is subject to a final order of removal that immediately took effect when he filed a motion to reopen his removal proceedings following the grant of pre-conclusion voluntary departure by an Immigration Judge ("IJ"). Dkt. No. 10 at 3–4. Petitioner filed an opposition in which he does not challenge the finality of his removal order, but instead requests that the Court hold the matter in abeyance so that he may later assert a claim under *Zadvydas v. Davis* once "[t]he presumptive six-month period under *Zadvydas* [has] run[]." Dkt. No. 11 at 8. For the reasons set forth below, the Court **GRANTS** the motion to dismiss and declines to hold the matter in abeyance.

## I. BACKGROUND

Petitioner is a native of Uzbekistan who entered the United States on June 8, 2023. Dkt. No. 1 ¶¶ 1–2. The Department of Homeland Security ("DHS") placed him in removal proceedings the following day and permitted him to enter the interior of the country to apply for asylum. *Id*. ¶ 3. Following his entry, he began living and working in Los Angeles, California and submitted an

application for asylum on April 9, 2024. *Id.* ¶¶ 4–5. Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") two years later on March 13, 2026. *Id.* ¶ 6.

While in detention, an IJ granted Petitioner's request for pre-conclusion voluntary departure. *Id.* ¶ 8; Dkt. No. 10 at 7. In granting voluntary departure, the IJ ordered that Petitioner depart from the United States by June 15, 2026. Dkt. No. 10 at 7. The order explains that "[i]f [Petitioner] files a motion to reopen or reconsider [with the immigration court] during the voluntary departure period, … the grant of voluntary departure will be terminated automatically, [and] the alternate order of removal will take effect immediately[.]" *Id.* at 8.

On June 1, 2026, Petitioner filed a Motion to Reopen asking the immigration court to reopen his immigration proceedings. *See id.* at 12–24. By operation of law, the Motion to Reopen—filed during the period allowed for voluntary departure—terminated Petitioner's grant of voluntary departure, and the alternate order of removal went into effect. Dkt. No. 10 at 8; *see* 8 C.F.R. § 1240.26(i) ("If, prior to departing the United States, the alien files a petition for review pursuant to section 242 of the Act (8 U.S.C. 1252) or any other judicial challenge to the administratively final order, any grant of voluntary departure shall terminate automatically"). Petitioner's Motion to Reopen was denied by the Immigration Court on June 9, 2026, and he has appealed that denial to the Board of Immigration Appeals. Dkt. No. 10 at 35–36; Dkt. No. 11-1 at 1.

## II. DISCUSSION

Whether Petitioner's continued detention is lawful turns on whether he is subject to detention under 8 U.S.C. § 1231(a) or 8 U.S.C. § 1226(a). Section 1226(a) applies "pending a decision on whether the alien is to be removed from the United States[,]" and allows for release while removal proceedings are pending. 8 U.S.C. § 1226(a)(2) ("an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States[,]" but the Attorney General "may release the alien on—[] bond of at least $1,500; or [] conditional parole"). On the other hand, 8 U.S.C. § 1231 applies once a noncitizen is "ordered removed[,]" and detention is mandatory for ninety-days following the entry of an administratively final order of removal. *See* 8 U.S.C. § 1231(a) ("During the removal period, the Attorney General shall detain

the alien."); 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"). Noncitizens subject to a final order of removal "may be detained beyond the removal period" under certain circumstances, but the Supreme Court "has 'read an implicit limitation' into the statute 'in light of the Constitution's demands,' and has held that an alien may be detained only for 'a period reasonably necessary to bring about that alien's removal from the United States[,]' which "is presumptively six months." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 689–701 (2001)).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a) because his removal order became administratively final upon filing his motion to reopen on June 1, 2023. Dkt. No. 10 at 3. In opposing the motion, Petitioner concedes that his removal order is administratively final, but requests that this Court hold this matter in abeyance until the length of his detention reaches the six-month presumptively unconstitutional limit. Dkt. No. 11 at 8.

The regulations promulgated at 8 C.F.R. § 1240.26(b)(3)(iii), and Supreme Court authority, support Respondents' conclusion that Petitioner is properly detained under § 1231(a). *See Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-CV-01856-DAD-CSK, 2026 WL 836323, at *1 (E.D. Cal. Mar. 26, 2026) (finding Petitioner subject to a final order of removal, and detained pursuant to § 1231(a)(2), where he filed a motion to reopen following the grant of voluntary departure). The relevant regulation provides:

> If the alien files a post-decision motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall be terminated automatically and the alternate order of removal will take effect immediately.

8 C.F.R. § 1240.26(b)(3)(iii). The Supreme Court in *Dada v. Mukasey* explained this procedure in greater detail:

> We hold that, to safeguard the right to pursue a motion to reopen for voluntary departure recipients, the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen. As a result, the alien has the option

United States District Court
Eastern District of California

> either to abide by the terms, and receive the agreed-upon benefits, of voluntary departure; or, alternatively, to forgo those benefits and remain in the United States to pursue an administrative motion.
>
> If the alien selects the latter option, he or she gives up the possibility of readmission and becomes subject to the IJ's alternative order of removal. ***The alien may be removed by the DHS within 90 days, even if the motion to reopen has yet to be adjudicated***. But the alien may request a stay of the order of removal, and, though the BIA has discretion to deny the motion for a stay, it may constitute an abuse of discretion for the BIA to do so where the motion states nonfrivolous grounds for reopening.

554 U.S. 1, 21 (2008).

Similarly, here, Petitioner is subject to a final order of removal under applicable regulations—thus triggering detention under § 1231(a)—because he moved to reopen his immigration proceedings. As the Supreme Court explained in *Dada* he "may be removed by the DHS within 90 days[,]" though he may seek a stay of this removal with the BIA. *Id*. Therefore, Petitioner is currently subject to detention, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A), and (a)(6), in order to execute his removal. *See Merjildo v. Chestnut*, No. 1:26-CV-03577-JLT-SAB, 2026 WL 1707083, at *3 (E.D. Cal. June 12, 2026); *Ortega*, 2026 WL 836323, at *1.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Respondents' motion to dismiss and lifts its order (Dkt. No. 6) prohibiting Petitioner's transfer out of the district while the petition remains pending. This Order is without prejudice to refiling at a later date if Petitioner's continued detention under 8 U.S.C. § 1231(a)(6) becomes unconstitutionally prolonged under *Zadvydas v. Davis*.

**IT IS SO ORDERED.**

Dated: September 9, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge